**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MAUI AND SONS,

    Plaintiff,                                          Case No.: 1:26-cv-01866

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

**COMPLAINT**

Plaintiff, MAUI AND SONS ("Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase

1

products bearing infringing versions of Plaintiff's trademarks. Each of the Defendants has targeted Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. Additionally, Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal trademark law, Defendants would not be subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## INTRODUCTION

3. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's MAUI AND SONS Trademarks, which are covered by U.S. Trademark Registration Nos. 7,530,921; 6,828,997; 1,432,990; 4,332,351; 3,260,836; 3,336,794; 3,135,017; 1,922,160; 6,146,278; and 6,024,747 (collectively the "MAUI AND SONS Trademarks"). The registrations are valid, subsisting, unrevoked, and uncancelled. Additionally, U.S. Trademark Registration Nos. 1,432,990; 4,332,351; 3,260,836; 3,336,794; and 1,922,160 are incontestable. The trademark registrations constitute prima facie evidence of their validity and of Plaintiff's exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057(b). Genuine and authentic copies of the U.S. federal trademark registration certificates for the MAUI AND SONS Trademarks are attached as **Exhibit 1**.

4. In the past, MAUI AND SONS was able to police its marks against identifiable infringers and counterfeiters. The rise of online retailing, coupled with the ability of eCommerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken because availing itself of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet. Sadly, a swarm of infringers have decided to trade upon Plaintiff's reputation, goodwill, and valuable trademarks by selling and/or offering for sale products in connection with Plaintiff's trademarks. The aggregated effect of the mass counterfeiting that is taking place has overwhelmed Plaintiff and its ability to police its rights against the hundreds of anonymous defendants which are selling illegal counterfeits at prices substantially below an original.

5. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of Plaintiff's registered trademarks, as well as to protect unknowing consumers from purchasing unauthorized MAUI AND SONS Products over the internet.

**THE PLAINTIFF**

6. MAUI AND SONS is in the business of developing, marketing, selling, and distributing MAUI AND SONS branded products. Founded in 1980, MAUI AND SONS is a surf and swim apparel and accessories company. For over forty years, MAUI AND SONS has created

products that represent an image and way of life that appeal to those who aspire to an active, fun-loving lifestyle and the global surf culture.

7. Plaintiff's brand, symbolized by the MAUI AND SONS Trademarks, is a recognized symbol of high-quality merchandise. The MAUI AND SONS Trademarks are distinctive and identify the merchandise as goods from, or authorized by, Plaintiff. The registrations for the MAUI AND SONS Trademarks constitute prima facie evidence of their validity and of Plaintiff's exclusive rights to use the MAUI AND SONS Trademarks pursuant to 15 U.S.C. § 1057 (b). The MAUI AND SONS Trademarks have been continuously used and never abandoned.

8. MAUI AND SONS has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the MAUI AND SONS Trademarks. As a result, products bearing the MAUI AND SONS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from, or authorized by, Plaintiff. (the "MAUI AND SONS Products").



https://mauiandsons.com/collections/classic-tees-tanks

**THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT**

9. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell illegal MAUI AND SONS Products to consumers within the United States, including Illinois and in this judicial district.

10. The Defendant Internet Stores intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. Through their operation of the Defendant Internet Stores, Defendants are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged, often times as partners, co-conspirators, and/or suppliers. Upon information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit products.

11. Upon information and belief and at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the MAUI AND SONS Trademarks, including Plaintiff's exclusive rights to use and license such intellectual property and the goodwill associated therewith.

12. Defendants often go to great lengths to conceal their identities by often using multiple fictitious names and addresses to register and operate their massive network of Defendant

5

Internet Stores. Defendants also appear to intentionally omit accurate contact information when registering their respective stores. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using at least the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their massive counterfeiting operation and to avoid being shut down.

13. The counterfeit MAUI AND SONS Products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit MAUI AND SONS Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

14. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit.

15. Defendants' use of the MAUI AND SONS Trademarks on or in connection with the advertising, marketing, distribution, offering for sale and sale of the counterfeit products is likely to cause and caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff. Defendants have manufactured, imported, distributed, offered for sale, and sold counterfeit products using the MAUI AND SONS Trademarks and continue to do so.

16. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the MAUI AND SONS Trademarks in connection with the

advertisement, offer for sale, and sale of counterfeit products, through, inter alia, the internet. The counterfeit products offered for sale by the Defendant Internet Stores are not genuine MAUI AND SONS Products. Plaintiff did not manufacture, inspect, or package the counterfeit products and did not approve the counterfeit products for sale or distribution. The Defendant Internet Stores offer shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold counterfeit products into the United States, including Illinois.

17. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling counterfeit goods that infringe upon the MAUI AND SONS Trademarks unless preliminarily and permanently enjoined.

18. Defendants' use of the MAUI AND SONS Trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit MAUI AND SONS Products, including the sale of counterfeit MAUI AND SONS Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

19. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

20. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered MAUI AND SONS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The MAUI AND SONS Trademarks are highly distinctive. Consumers have come to expect the highest quality from Plaintiff's products provided under the MAUI AND SONS Trademarks.

7

21. Defendants have sold, offered to sell, marketed, distributed, and advertised and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the MAUI AND SONS Trademarks without Plaintiff's permission.

22. Plaintiff is the owner of the MAUI AND SONS Trademarks. Plaintiff's United States Registrations for the MAUI AND SONS Trademarks (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the MAUI AND SONS Trademarks and are willfully infringing and intentionally using counterfeits of the MAUI AND SONS Trademarks. Defendants' willful, intentional, and unauthorized use of the MAUI AND SONS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

23. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and to the goodwill of its well-known MAUI AND SONS Trademarks.

25. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit MAUI AND SONS Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

26. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

27. Defendants' promotion, marketing, offering for sale, and sale of counterfeit MAUI AND SONS Products created and is creating a likelihood of confusion, mistake, and deception

among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit MAUI AND SONS Products by Plaintiff.

28. By using the MAUI AND SONS Trademarks in connection with the sale of counterfeit MAUI AND SONS Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit MAUI AND SONS Products.

29. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit MAUI AND SONS Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

30. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the MAUI AND SONS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine MAUI AND SONS Product or is not authorized by Plaintiff to be sold in connection with the MAUI AND SONS Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine MAUI AND SONS Product or any other product produced by Plaintiff that is not

Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the MAUI AND SONS Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit MAUI AND SONS Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the MAUI AND SONS Trademarks and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's trademarks, including the MAUI AND SONS Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof; and

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit MAUI AND SONS Products;

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through g, above;

3) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, and online marketplace account registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit MAUI AND SONS Products using the MAUI AND SONS Trademarks, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit MAUI AND SONS Products using the MAUI AND SONS Trademarks; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

4) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the MAUI AND SONS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

3) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the MAUI AND SONS Trademarks;

4) That Plaintiff be awarded its reasonable attorneys' fees and costs;

5) Award any and all other relief that this Court deems just and proper.

DATED: February 19, 2026            Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***